UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ADREAN MARTINEZ,

    Plaintiff,

                                    COMPLAINT

vs.

OVATIONS FOOD SERVICES, LP, a foreign
limited partnership,

    Defendant.

_____/

## COMPLAINT

    COMES NOW Plaintiff ADREAN MARTINEZ ("Plaintiff"), who was an employee of Defendant OVATIONS FOOD SERVICES, LP, a foreign limited partnership ("Defendant"), and files this Complaint for unpaid overtime wages, liquidated damages and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transact business in this District; because all wages were earned and due to be paid in this District; because Defendant' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## II.     PARTIES

3. Plaintiff ADREAN MARTINEZ ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant OVATIONS FOOD SERVICES, LP ("OVATIONS") is a foreign limited partnership that owns and operates BRAVA by Brad Kilgore, the restaurant at which Plaintiff was employed, at 1300 Biscayne Boulevard, Miami, Florida.

## III.     COVERAGE

5. During all material times, Defendant OVATIONS FOOD SERVICES, LP was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

6. During all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

7. During all material times, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.     FACTUAL ALLEGATIONS

8. Defendant owns and operates BRAVA by Brad Kilgore, the restaurant at which Plaintiff was employed, in Miami-Dade County.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

9. This action is brought pursuant to the FLSA for unpaid overtime wages, liquidated damages, and other relief.

10. Plaintiff was a non-exempt hourly employee who worked as a manager for Defendant during the period from September to October, 2016, approximately.

11. During this period of approximately Five (5) weeks, Plaintiff estimates he worked an average of Thirty (30) hours of overtime per week.

12. Plaintiff was never paid one-and-a-half times his regular wage for hours worked in excess of forty per week.

13. Defendant willfully engaged in practices that denied Plaintiff the applicable overtime wage under the FLSA.

14. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

15. Plaintiff reincorporates and re-alleges paragraphs 1 through 14 as though set forth fully herein and further alleges as follows:

16. Defendant willfully and intentionally failed to pay Plaintiff one-and-a-half times his regular wage for hours worked over forty per week.

17. As a direct and proximate result of Defendant' willful and intentional failure to pay Plaintiff one-and-a-half times his regular wage for all hours worked over forty per week, Plaintiff has been damaged for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff ADREAN MARTINEZ demands judgment in his favor and against Defendant, jointly and severally, as follows:

a) Award to Plaintiff for payment of all overtime hours worked at one and one-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment for all overtime hours owed under the FLSA;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of November, 2016.

By:   **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **November 10, 2016**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   **s/Robert W. Brock II**
Florida Bar No. 75320
*Attorney for Plaintiff*

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808